# Doyle *v.* Devane *et al.*

If a complainant suffers two entire terms to elapse after filing his bill, without taking any farther step to prosecute his suit, the same will be dismissed for want of prosecution.

The history of this case is sufficiently set forth in the opinion of the court.

MARSH and AYRES for complainant.

TOPP and THOMPSON for defendant.

The CHANCELLOR.

This case was submitted upon motion to dismiss the bill for want of prosecution; as also upon motion to take the amended bill for confessed. It appears from the files that the injunction in the case was dissolved in January, 1839. At the June term of the same year, an amended bill was filed. No further step appears to have been taken in the case until the December term, 1840—a period of eighteen months from the time of filing the amended bill. The complainant then ordered alias subpœnas, and moved for a *pro confesso* of his amended bill, and the defendants moved a dismissal of the bill for want of prosecution. The question is, which of these motions shall prevail. The sustaining of one necessarily overrules the other. The complainant's counsel insist that the motion to dismiss ought not to prevail, because the defendants omitted to make their motion at a time when it could have been done, and that they are now precluded from doing so, by reason of the motion of the complainant. It is no doubt a sound rule of practice, where a defendant is in a situation to dismiss a bill for

want of prosecution, and neglects to avail himself of that right, and permits the complainant to go on, taking steps preparatory to final hearing, he cannot afterwards dismiss the bill for delay. Fearnes *v.* Hutchinson, 1 Russ. and Mylne 22. But are the defendants here in that situation? I think not. According to the practice upon this subject, two entire terms must have elapsed without any step having been taken by the complainant to hasten his case, before the defendant can be heard on a motion to dismiss for want of prosecution. The last step taken in the case was at the June term, 1839; and two terms elapsed between that and the December term, 1840, which was therefore the earliest period at which the motion to dismiss could have been made. There is no foundation whatever for the motion to take the amended bill for confessed. Only one or two of the defendants appear to have been served with process: the others were returned not found in December, 1838. No appearance seems to have been entered, and no order of publication made, although most of the defendants are said to be non-residents, and two years have elapsed from the return of the subpœna, nor is this delay attempted to be accounted for. The order for alias subpœna, and the motion for a *pro confesso*, would seem to have been intended merely to forestall the defendants' motion; as from the facts in the case, neither of those steps could be made available.

The motion to dismiss the bill for want of prosecution must be sustained.